Nott, Ch. J.,
delivered the opinion of the court:
The court is of the opinion that the motion of the Attorney-General to dismiss this case for want of jurisdiction must be overruled; and this for the following reasons:
1-. The court is not prepared, upon a motion of this kind, to hold that the controversy is exclusively between two bodies of Indians and that the United States have no interest in the matter, direct or indirect.
In the first place, it is by no means clear' to the court that if the Secretary of the. Interior should pay away this fund after due notice from the Oneida Indians in Canada of their alleged interest in it and against their objections and protest, the United States would not be liable to pay a second time. If the decisions of the Supreme Court in the case of the United States v. New York Indians (170 U. S., 1, 614; 173 id., 464) extend to these Indians, it is manifest that a very serious ultimate responsibility may rest upon the United States for the diversion of a part of the fund from persons having a legal vested right therein. In the second place, if these Indians are not within the decisions of the Supreme Court an equally serious question will arise as to whether the share or interest in the fund, properly belonging to their ancestors before their removal to Canada, passed to the Oneidas remaining in the State of New York or whether it should remain in the Treasury. If the latter, it is manifest that the United States have a direct interest in the subject-matter of this case.
2. The court can not regard the decision of the Supreme Court in Pam-to-Pee v. United States (187 U. S., 371) as controlling the decision of these questions. The facts in that case were that the claimants remained absolutely silent until after the fund had been disposed of, and that the Secretary of the Interior paid it away pursuant to the decree of the court without notice, objection, fault, or mistake and in the manner directed by the decree and to the parties who had appeared *118 and prosecuted the case. The facts control the decision, and the facts here are radically different.
3. The court can not regard the acts of Congress cited by the defendants’ counsel in 31 Stat. L., 27, 1077, and in 32 id., 263, as haying’ delegated any judicial power to the Secretary of the Interior to determine what parties or classes of Indians are or are not entitled to share in the distribution of the fund. Those statutes must of course be interpreted with reference to their subject-matter — the decision of the Supreme Court. If that decision judicially established the fact that these Oneida Indians had a vested legal right to a portion of the fund, it is impossible that Congress intended to invest the Secretary with power to, in effect, review the decision of the Supreme Court and exclude those whom that court judicially determined were entitled to participate. It seems manifest to the court that all that the Secretary is authorized to do is to ascertain and identify the individuals who are entitled to receive the money decreed to them by the court.
4. A person who pays out money under and in pursuance of a decree of a court, whether he be a sheriff, marshal, trustee, executor, referee, or master in chancery, is, from a legal point of view, an officer or quasi officer of the court. It is his right and his duty in cases of doubt or difficulty to seek the instructions of the court and be guided by its orders or decrees. An executor can not be compelled to assume the responsibility of distributing an estate in such cases, but may file a bill to procure a construction of a will. A trustee, referee, or master may go into a court of equity and procure an order which will judicial^ determine the rights of conflicting-parties and relieve him from responsibilitjn In the present instance the Secretary of the Interior was simply the representative charged with carrying out the decision of the Supreme Court, as finally expressed by the judgment of this court; and in the opinion of the court it was clearly his duty, where such a conflict arose as apparently had arisen between conflicting parties, to seek a judicial determination of their rights which would secure to one or the other their legal interest in the judgment and protect the United States from an ultimate liability. The Secretary might have referred the case back directly to this court, asking for a further decree *119 at tbe foot of the original decree without invoking the jurisdiction of the Bowman or Tucker Act. But as the present claimants have raised no objection to that course of proceeding, none will be raised by the court.
Whether the Oneida Indians in Canada have any legal vested» right under the decisions of the Supreme Court, and whether they have or have not any standing in this court, notwithstanding their removal from the United States to Canada, and whether the equity or interest which their ancestors had, or might have acquired, in the fund passed to the Oneidas who continued to live within the State of New York, are questions concerning which the court expresses no opinion.
The order of the court is that the motion of the defendants be overruled.
WeldoN, J., did not sit in this case and took no part in the decision.